IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE LUIS TORRES | : | CIVIL ACTION |
| | : | NO. 13-3066 |
| v. | : | |
| | : | |
| ALLENTOWN POLICE DEPARTMENT, et al. | : | |
| | : | |

## ORDER

AND NOW, this 18th day of August, 2014, upon consideration of the motions to dismiss plaintiff's amended complaint filed by defendants City of Allentown, Matthew Karnish, Stephen Milkovitz III, Kevis Mriss, Kyle Hough, William Lake, Raymond Sannie, Mark Boyer, Randy Fey, Michael Faulkner, Jason Krasley, Justin Motz, Robert Kulp, Detective Weaver, and "unknown" supervisors and Police Chief of Allentown Police (Dkt. No. 42), Todd Frey and Christopher Cruz (Dkt. No. 43), County of Lehigh (Dkt. No. 57) and Thomas Nicoletti (Dkt. No. 59) and plaintiff Jose Luis Torres's responses thereto (Dkt. Nos. 58 and 61) it is ORDERED that defendants' motions are GRANTED in part and DENIED in part as follows:

1. Plaintiff's claims against Allentown and Lehigh County for alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983 are DISMISSED with leave to amend to the extent that he can plead with particularity the existence of a policy, custom or pattern of violations by the City and/or County;

2. Plaintiff's claims against "unknown Police Chief" and "unknown supervisors" of Allentown for alleged violations of his constitutional rights are DISMISSED with leave to amend to the extent that he can plead with particularity the personal involvement of the Police Chief and supervisors;

3. Plaintiff's claim against Kulp and Karnish for allegedly preparing a false police report is DISMISSED;

4. Plaintiff's claims for alleged violations of his rights under the Fifth, Sixth, Eighth and Fourteenth Amendments are DISMISSED;

5. Plaintiff's negligence, assault and battery and civil conspiracy claims against Allentown and Lehigh County are DISMISSED;

6. Plaintiff's negligence, assault and battery and civil conspiracy claims against "unknown" Police Chief and supervisors are DISMISSED;

7. Plaintiff's negligence claim against defendant police officers is DISMISSED;

8. Plaintiff's civil conspiracy claim against defendant officers is DISMISSED with leave to amend to the extent that he is able to assert sufficient facts to support his claim;

9. Plaintiff's claim for punitive damages against "unknown" Police Chief and supervisors are DISMISSED;

10. Plaintiff's claim for punitive damages against defendant police officers, in their official capacities is DISMISSED; and

11. Plaintiff's requests for injunctive and declaratory relief are DISMISSED with leave to amend to the extent that he is able to sufficiently allege a basis for awarding the requested relief.

It is FURTHER ORDERED that, on or before September 18, 2014, and consistent with this Order and the accompanying memorandum of law, plaintiff is permitted to file a second amended complaint that complies with Fed. R. Civ. P. 8(a) and that provides allegations sufficient to support his claims. Any second amended complaint shall only include: (1) those

claims which have not been dismissed by this order, and (2) those claims for which leave to amend has been specifically granted above.

                                                  */s/ T.N. O'Neill*
                                                  THOMAS N. O'NEILL, JR., J.